IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| K&G HENDERSON ENTERPRISE, INC., | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-01978-AW |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| | * | |

*************************************************************************

## Memorandum Opinion

Plaintiff K&G Henderson Enterprise, Inc., ("K&G") brings this action against Defendant the United States of America ("United States" or "the Government"), seeking a refund of corporate income taxes allegedly overpaid in 2005 and 2006. *See* Compl. Currently pending before the Court is the Government's motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Plaintiff failed to fully pay the taxes before filing this refund action as required by 28 U.S.C. § 1346(a)(1). *See* Doc. No. 3. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court GRANTS the Government's motion to dismiss.

## I.     FACTUAL & PROCEDURAL BACKGROUND

The following facts are adopted from the Complaint and viewed in a light most favorable to Plaintiff. Plaintiff filed a federal income tax return for the 2005 tax year, paying $96.205.51. Compl. ¶ 7. Plaintiff is unclear as to whether the Government applied this payment to the 2005

tax year, the 2006 tax year, or both. *Id.* Plaintiff alleges that the 2005 tax return was hastily and inaccurately self-prepared by Plaintiff's president and owner, an automotive mechanic. Compl. ¶ 5. Plaintiff asserts that its original tax return for the 2005 tax year listed liabilities of only $91,123. *See* Doc. No. 1 Ex 1. Plaintiff alleges that it has consulted experienced tax return preparers and that for the 2005 tax year it should have been liable for only $3,225. *See* Compl. ¶ 9.

For the 2006 tax year, Plaintiff asserts that its overpayment in 2005 should have more than satisfied its obligations for the 2006 tax year, and that the Government may have used part of Plaintiff's payment of $96.205.51 to satisfy Plaintiff's 2006 tax liability. Compl. ¶ 14. Plaintiff asserts that its original tax return for the 2006 year listed liabilities of $64,909. *See* Doc. No. 1 Ex. 3. However, Plaintiff alleges that it has consulted experienced tax return preparers and that for tax year 2006 it should have been liable for only $25,247. Compl. ¶ 16. Plaintiff alleges that its overpayment for the 2005 tax year carries over to the 2006 tax year, resulting in an overpayment for both years.

On July 19, 2011, Plaintiff filed suit in this Court demanding judgment in the amount of overpaid tax, interest, and penalty. *See* Compl. ¶ 17. Now pending before the Court is the Government's motion to dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that Plaintiff failed to fully pay its taxes before filing this refund action. *See* Doc. No. 3.

## II.      STANDARD OF REVIEW

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). First, a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In this situation, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Second, a party may contend that the jurisdictional allegations in the complaint are not true. *Id.* In the latter situation, the Court may conduct an evidentiary hearing and consider matters beyond the allegations in the complaint. *Id.*

III.     ANALYSIS

Plaintiff contends that this Court has jurisdiction by reason of 28 U.S.C. § 1346(a)(1). The Government contends that Plaintiff has not put forth facts supporting subject matter jurisdiction under that section. Under 28 U.S.C. § 1346(a)(1), sovereign immunity is waived and the Government can be sued "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." However, in order for a court to have jurisdiction over refund suits, the taxpayer must first pay the entire tax liability listed as owed on its original tax returns. *See Flora v. United States*, 357 U.S. 63, 72-73 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960) (discussing Congress' intent that jurisdiction be proper under section 1346 only where the plaintiff has first paid its taxes in full). Accordingly, the Court has subject matter jurisdiction over this matter only if Plaintiff can be said to have fully paid its taxes before bringing this refund suit.

3

Plaintiff contends that it paid its entire tax liability for the 2005 tax year because it paid $96,205.51 and its original tax returns listed liabilities of only $91,123. Plaintiff is not sure whether its payment of $96,205.51 was applied to the 2005 tax year, the 2006 tax year, or both, and argues that discovery is necessary to determine these crucial facts. Because it is not clear whether Plaintiff paid the entire tax liability of $64,909 listed as owed for the 2006 tax year, Plaintiff contends that the Court should not aggregate the tax years but should instead view the 2005 tax year in isolation.

Indeed, when viewing Plaintiff's payment of $96,205.51 in isolation as only applying to its 2005 tax year liabilities of $91,123, it appears Plaintiff has paid its entire tax liabilities, rendering jurisdiction proper. However, pretending that Plaintiff's payment of $96,205.51 applies only to the 2005 year would create a discordant result because Plaintiff seeks to have this payment apply to both the 2005 and 2006 tax years. Because Plaintiff seeks to apply its payment to both years, jurisdiction is only proper if Plaintiff has satisfied its tax liabilities for both years. Those liabilities are $91,123 for the 2005 tax year and $64,909 for the 2006 tax year, for a total of $156,032. Plaintiff alleges that it paid only $96,260 in taxes for the 2005 year, the 2006 year, or both.

Although Plaintiff alleges that its tax liabilities should have been only $3,255 for the 2005 tax year and $25,247 for the 2006 tax year, Plaintiff must first pay the full tax liability of $156,032 listed as owed on its original tax returns before the Court has jurisdiction over this refund action. *See Flora*, 357 U.S. at 72-73. Because Plaintiff has not paid the full tax liability, sovereign immunity is not waived under 28 U.S.C. § 1346(a)(1), the Court does not have subject matter jurisdiction over this case, and dismissal under Rule 12(b)(1) is proper.

**IV.    CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss is GRANTED. A separate

order will follow.


October 12, 2011                                                    /s/
        Date                                         Alexander Williams, Jr.
                                      United States District Judge